IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| CASSANDRA FARIS<br>51 Chatham Road<br>Columbus, Ohio 43214<br><br>Plaintiff,<br><br>-vs-<br><br>VEEAM SOFTWARE CORPORATION<br>c/o CT Corporation System, Statutory Agent<br>4400 Easton Commons Way, Ste. 125<br>Columbus, Ohio 43219<br><br>Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT**<br><br>JURY DEMAND ENDORSED HEREON |

Plaintiff Cassandra Faris, by and through counsel, for her Complaint against Defendant Veeam Software Corp, alleges, on knowledge as to her own actions, and otherwise upon information and belief, as follows:

STATEMENT OF FACTS

1. Plaintiff resides in Franklin County, Ohio and was at all relevant times employed by Defendant in Frankin County, Ohio.

2. Defendant is a corporation that does business in Frankin County, Ohio, and at all relevant times employed Plaintiff in Franklin County, Ohio.

3. Defendant originally hired Plaintiff as a Community Manager in or about December 2022.

4. In that role, Plaintiff planned, managed and hosted technical product events, built partnerships with other technical businesses, presented webinars, created content, wrote blogs, and presented speeches internationally, among other things.

5. For most of her employment with Defendant, Plaintiff had accommodations for her diagnosed disabilities, which are Attention-Deficit/Hyperactivity Disorder (ADHD), Generalized Anxiety Disorder, Major Depressive Disorder, and Post-Traumatic Stress Disorder (PTSD). Plaintiff's impairments cause difficulty focusing, completing tasks, and following verbal instructions, and substantially limit major life activities, including thinking, concentrating, working, learning, and interacting with others.

6. In or about January 2024, Defendant transferred Plaintiff to a different department in a different role under a new manager, Rick Vanover. Plaintiff told Vanover she had disability accommodations and at most of their semi-monthly one-on-one meetings Plaintiff told Vanover she needed additional accommodations. On different occasions Vanover responded that "we've all got our things to deal with" and "I'm not a shoulder to cry on."

7. Neither Vanover nor anyone else gave Plaintiff a job description, training, or opportunities for activities that others on her new team were doing.

8. Plaintiff was also pressured to resign her leadership role with the LGBTQIA+ Pride Employee Resource Group.

9. In July 2024, Plaintiff and her medical team discussed changes to her care plan, including a medication change and implementation of productivity and career-success tools and processes.

10. On or about July 23, 2024, Plaintiff sent an email to Kate Valente, the Benefits Specialist she usually worked with regarding disability accommodations, in order to get her accommodations updated based on her medical team's recommendations.

11. On July 29, 2024, Vanover issued a Performance Improvement Plan to Plaintiff. The Performance Improvement Plan was to be in place for thirty (30) days, from July 29, 2024 to

August 30, 2024.

12. On or about August 26, 2024, Plaintiff emailed HR Senior Manager Jackie Wilson to let her know she needed to update her ADA accommodations.

13. Plaintiff did not receive a substantive response or follow-up from Wilson or anyone else from Defendant's benefits team regarding her disability accommodations request.

14. Plaintiff did not receive follow-up from Defendant regarding her July 23, 2024, and August 26, 2024, requests to modify her ADA accommodations.

15. On August 30, 2024, Vanover notified Plaintiff that the performance assessment period had ended.

16. Plaintiff was on track to successfully complete the Performance Improvement Plan.

17. On September 4, 2024, Plaintiff was called into a videoconference with Vanover and HR representative and informed that her employment was terminated.

18. Plaintiff's last day of work was September 4, 2024.

19. Defendant notified Plaintiff that her employment would be terminated effective September 18, 2024.

20. Plaintiff timely filed a Charge of Discrimination with the Ohio Civil Rights Commission (OCRC), later amended, based on Defendant's failure to accommodate and her termination because of disability, and based on Defendant's retaliatory conduct. This Charge was dual-filed with the Equal Employment Opportunity Commission (EEOC).

21. On March 12, 2026, the OCRC issued Plaintiff a Notice of Right to Sue.

22. Plaintiff is timely filing this Complaint in accordance with Ohio Revised Code section 4112.052(C).

23. On May 20, 2026, the EEOC issued Plaintiff a Notice of Right to Sue under federal

law.

24. Plaintiff is timely filing this Complaint within ninety days of her receipt of the Notice of Right to Sue from the EEOC.

**COUNT I**
Failure to Accommodate Disability Under Federal Law

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff is a qualified individual with mental impairments, including ADHD, anxiety, depression, and PTSD, which substantially limit one or more major life activities such as thinking, concentrating, working, learning, and interacting with others. Plaintiff at all relevant times was able to perform the essential functions of her job with or without reasonable accommodation.

27. Defendant was aware of Plaintiff's disabilities and her need for accommodations.

28. Plaintiff requested reasonable accommodations for her disabilities, including but not limited to flexible work schedule, flexible work location, breaks during long events, and modifications to support time management and productivity. Defendant failed to engage in the interactive process and failed to provide or modify reasonable accommodations as requested by Plaintiff, despite being notified of her need for changes.

29. As a result of Defendant's failure to accommodate, Plaintiff was denied the benefits and privileges of employment and suffered harm, including but not limited to loss of employment, lost wages, and emotional distress.

30. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

**COUNT II**
Failure to Accommodate Disability Under Ohio Law

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. By it actions and inactions as set forth in Count I, Defendant violated Ohio Revised Code § 4112.02(A), which makes it unlawful for any employer to discriminate against an employee because of disability with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

33. As a result of Defendant's failure to accommodate, Plaintiff was denied the benefits and privileges of employment and suffered harm, including but not limited to loss of employment, lost wages, and emotional distress.

34. Defendant acted with malice, thereby entitling Plaintiff to an award of punitive damages.

**COUNT III**
Termination Because of Disability Under Federal Law

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Defendant terminated Plaintiff's employment because of her disabilities and/or because she requested reasonable accommodations for her disabilities.

37. As a result of Defendant's conduct, Plaintiff was denied the benefits and privileges of employment and suffered harm, including but not limited to loss of employment, lost wages, and emotional distress.

38. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its

actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

**COUNT IV**
Termination Because of Disability Under Ohio Law

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Defendant terminated Plaintiff's employment because of her disabilities and/or because she requested reasonable accommodations.

41. By it actions and inactions, Defendant violated Ohio Revised Code § 4112.02(A), which makes it unlawful for any employer to discriminate against an employee because of disability with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

42. As a result of Defendant's conduct, Plaintiff was denied the benefits and privileges of employment and suffered harm, including but not limited to loss of employment, lost wages, and emotional distress.

43. Defendant acted with malice, thereby entitling Plaintiff to an award of punitive damages.

**COUNT V**
Retaliation Because of Disability Under Federal Law

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff engaged in protected activity by requesting reasonable accommodations for her disabilities.

46. Defendant took adverse actions against Plaintiff, including placing her on a performance improvement plan, pressuring her to resign from her ERG leadership role, and

terminating her employment, in retaliation for her protected activity.

47. As a result of Defendant's retaliatory conduct, Plaintiff was denied the benefits and privileges of employment and suffered harm, including but not limited to loss of employment, lost wages, and emotional distress.

48. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

**COUNT VI**

Retaliation Because of Disability Under Ohio Law

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. By its actions and inactions as set forth in Count V, Defendant violated Ohio Revised Code § 4112.02(I), which makes it unlawful for any employer to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Ohio Revised Code.

51. Plaintiff engaged in protected activity under Ohio law by requesting reasonable accommodations for her disabilities.

52. Defendant retaliated against Plaintiff by subjecting her to adverse employment actions, including but not limited to placement on a performance improvement plan, pressure to resign from her ERG leadership role, and termination of employment.

53. As a result of Defendant's retaliatory conduct, Plaintiff was denied the benefits and privileges of employment and suffered harm, including but not limited to loss of employment, lost

wages, and emotional distress.

54. Defendant acted with malice, thereby entitling Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cassandra Faris respectfully requests that this Court:

1. Declare that Defendant Veeam Software Corp violated Plaintiff Cassandra L Faris's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Ohio Civil Rights Act, Ohio Rev. Code § 4112.02, by failing to provide reasonable accommodations, by terminating her employment because of her disabilities, and by retaliating against her for engaging in protected activity.

2. Enjoin Defendant Veeam Software Corp from engaging in further acts of discrimination, failure to accommodate, and retaliation against individuals with disabilities in violation of federal and Ohio law.

3. Award Plaintiff Cassandra Faris back pay, including lost wages and lost employment benefits, in an amount to be determined at trial.

4. Award Plaintiff Cassandra Faris compensatory damages for emotional distress, pain and suffering, and other non-economic losses resulting from Defendant Veeam Software Corp's unlawful conduct, in an amount to be determined at trial.

5. Award Plaintiff Cassandra Faris punitive damages against Defendant Veeam Software Corp to the extent permitted by law.

6. Award Plaintiff Cassandra Faris her reasonable attorneys' fees, expert witness fees, and costs of this action, pursuant to 42 U.S.C. § 12205 and Ohio Rev. Code § 4112.99.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Jul 05 2:05 PM-26CV006786

7. Award Plaintiff Cassandra Faris pre-judgment and post-judgment interest as allowed by law.

8. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ David W. Neel*

David W. Neel (0033611)
David W. Neel, LLC
13800 Shaker Blvd., Ste. 102
Cleveland, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570
dwneel@neellaw.com

*Attorney for Plaintiff Cassandra Faris*

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims asserted in this Complaint.

*/s/ David W. Neel*

David W. Neel (0033611)